SAVOY, Judge.
Plaintiff instituted this suit to recover damages for personal injuries which he allegedly received in an assault and battery in the early morning hours of Sunday, September 8, 1963, at the Rebel Lounge in St. Landry Parish, Louisiana. Plaintiff alleged he was a customer in the Rebel Lounge, and the defendant, Frank Dean, Jr., without any provocation or warning, began swinging and throwing bar stools at him, and one of the stools struck plaintiff in the face, fracturing several bones in his face and nose, and injurying his eye. It is alleged that Frank Dean, Jr. was an un-emancipated minor, and his father, Frank Dean, Sr. was joined as a defendant. Also named as defendants are James Archie Sé-bastien, who is alleged to be the owner and operator of the Rebel Lounge, and Carlos “Bill” Mistric, who is alleged to be the manager. Plaintiff alleges these two defendants are liable, in solido, with the other defendants because of their failure to maintain order in the premises.
Defendants filed an answer in which the material allegations of plaintiff’s petition are denied. It was alleged that plaintiff, without warning and with no provocation whatsoever, struck Frank Dean, Jr. abortt the head and face, knocking him to the floor, and causing him painful injury, and thereafter, in defense of his person and to avoid further injury, Frank Dean, Jr. did *116 strike plaintiff with his fist. It is further alleged that Carlos “Bill” Mistric, who was the tenant and operator of the- Rebel Lounge, had no advance warning that plaintiff would suddenly begin an unprovoked attack on Frank Dean, Jr.
After trial the district court rendered judgment for the defendants, rejecting plaintiff’s demands at his costs. From this judgment the plaintiff has appealed to this Court.
Plaintiff maintains that the district court erred in failing to find Frank Dean, Jr. the unprovoked aggressor in the incident, and that, in any event, he used excessive force in his attack on plaintiff. The defendants maintain the findings of fact and holding by the district court should be upheld.
The record shows that the incident occurred at approximately 3:45 A.M. on Sunday, September 8, 1963, at the Rebel Lounge in St. Landry Parish. At the time, Frank Dean, Jr. was an unemancipated minor, residing with his father, Frank Dean, Sr. The Rebel Lounge was operated by and under the complete control of Carlos “Bill” Mistric, who leased the premises from James Archie Sebastien.
There were eleven persons in the nightclub at the time of the incident. Mr. Carlos “Bill” Mistric was operating the club and was assisted by his wife. Frank Dean, Jr. and two of his friends, Monty Joe Blas-singame and Johnny Haas, Jr., had been in the Rebel Lounge since approximately midnight. Frank Dean, Jr. had been to several nightclubs prior to that time, and had consumed several drinks. He played cards at the Rebel Lounge with his two friends and others, including Mr. and Mrs. Mistric. Mr. and Mrs. Mistric had offered the three boys a ride home, and began to close the place of business around 3:00 A.M. that morning.
On that night plaintiff and his wife had also been out for a few drinks at several nightclubs. About 11:30 P.M. at Berlina’s nightclub in Opelousas, they joined Mr. and Mrs. Richard Fuselier and Mrs. Joy Armand, who was accompanied by “Slim” Hobson. Mrs. Armand, who was separated from her husband, and the Fuseliers, were neighbors and friends of the plaintiff and his wife. This party of six persons danced and drank until that nightclub closed about 2:30 A.M. Since spirits were running high, they decided to go to the Rebel Lounge for another drink. Although Mr. Mistric was in the process of closing his nightclub and had locked the front door, he recognized Mrs. Joy Armand and allowed the party to enter. He locked the door after they entered. After two or more rounds of drinks were served the plaintiff’s party, the fighting incident occurred at approximately 3:45 A.M. Prior to the incident there was no unpleasantness between any of the persons in the nightclub. Plaintiff’s party of six persons sat at a booth, and the three boys generally stayed at a table across the room. The two groups did not comingle. The evidence is conflicting as to the details of the fight and how it started. Generally, there are two versions of the incident, one supporting the position of the plaintiff, and the other supporting the position of the defendants. During the fracas plaintiff was struck in the face and several bones in his nose and face were fractured.
The plaintiff’s version of the incident was that he and his wife had begun to leave the party and started across the room towards the front door. As they reached the place where the three boys were seated, Frank Dean, Jr. said something which was not understood by either plaintiff or his wife. Plaintiff asked, “What?”, whereupon Frank Dean, Jr. started a fight, without provocation, and threw several stools or chairs, and then struck plaintiff with a stool which he held in his hands, knocking plaintiff to the floor. Plaintiff testified he ducked two or three stools before he was struck by the stool held by Frank Dean, Jr. He stated he was hit only once and denied that he hit Frank Dean, Jr. Plaintiff’s wife supported this version, testifying that Frank Dean, Jr. threw at least *117 three stools and then held onto another, with which he hit her husband, knocking him to the floor. The plaintiff and his wife admitted that everyone in their party was “pretty high” at the time, and plaintiff consumed at least nine beers.
The testimony of Mrs. Joy Armand generally supported plaintiff’s version. She testified she heard a noise and as she turned around she was hit by a stool which landed on the table of the booth where she was seated. When she got up from the booth, she noticed Frank Dean, Jr. holding a stool and saw the plaintiff lying on the floor. She did not see either plaintiff or Frank Dean, Jr. exchange any blows, nor did she see who threw the stool. “Slim” Hobson could not be located to be called to testify at the trial.
The testimony of Mr. and Mrs. Richard Fuselier also generally supports the version of the plaintiff. Mrs. Fuselier testified she first knew something was wrong when a stool came flying onto the table of the booth where she was seated, at which time there was a lot of noise and confusion. By the time she got up from the booth, she saw the plaintiff on the floor, but did not know who hit him or who threw the stool. She did not know if any other stools were thrown. Mr. Fuselier testified he was seated in the booth next to his wife, and the plaintiff and his wife had just gotten up to leave. At the time, Mr. Mistric was standing behind the booth talking to him. He heard a commotion and Mr. Mistric left. When he got up, he noticed Frank Dean, Jr. was holding a chair or stool, and the plaintiff was on the floor near the center of the building. The only stool he saw thrown was the one which came into the booth, and he did not know who threw it. He did not see either party hit the other.
The defendant, Frank Dean, Jr. testified that after getting change from Mrs. Mis-tric he got cigarettes from the cigarette machine, and turned to go back to his table as he opened a package of cigarettes. He heard the plaintiff say something, and as he turned around to see who was talking to him, the plaintiff hit him, knocking him on his back on a small knee-high table. He stated as he got up the plaintiff was standing over him, and he struck the plaintiff with his fist, and the plaintiff spun around and fell against the cigarette machine. Then he saw “Slim” start toward him, so he grabbed a chair or stool and threw it at “Slim”, and this chair or stool went into the booth striking Mrs. Joy Armand. Mr. Mistric and the others stopped any further trouble.
For convenience, Frank Dean, Jr. will hereafter be referred to as “Dean”. Dean’s version of the incident was substantiated by the testimony of Monty Joe Blassingame, Johnny Haas, Jr., and Mr. and Mrs. Mis-tric.
Blassingame testified he was facing in the direction of and saw the entire incident. Except for a conflict as to whether or not Dean actually fell to the floor from off the table after being struck by plaintiff, his testimony followed Dean’s version of the incident.
Johnny Haas, Jr. testified he heard a scuffle with tables falling down, and turned to see Frank Dean, Jr. stumbling backwards, banging against a table, as though he “was recoiling from a blow”. Then Dean struck plaintiff with his fist and plaintiff twisted over and fell backwards. He testified that “Slim” was coming from the booth toward Dean, and that Dean threw a chair in his direction, and this chair struck Mrs. Armand. He testified there was a lot of confusion and he helped Mr. Mistric calm everyone down.
Mrs. Mistric testified that Dean had asked her for cigarette change, and had gotten cigarettes from the machine. She heard plaintiff say something, and then Dean said he was not looking for trouble, but was waiting for a ride home. The plaintiff then hit Dean, and Dean fell backwards over a table. Dean then hit plaintiff with his fist, and plaintiff spun around and hit the cigarette machine. “Slim” was advancing *118 toward Dean, and Dean threw a chair in his direction, and this chair struck Mrs. Armand. She testified plaintiff never hit the floor, but spun around from the cigarette machine and sat on a stool at the bar. She got some ice in a towel, and her husband placed plaintiff on the floor to administer an ice pack on his face. There was a blood stain on the carpet in front of the cigarette machine. She thought plaintiff’s face hit the cigarette machine, and possibly the knobs on it. She testified that Dean said nothing to provoke the blow he received, and she noticed a redness at his jaw where he apparently was struck.
Mr. Carlos “Bill” Mistric testified he heard Dean say, “Mister, I’m waiting for Mr. and Mrs. Mistric to bring us home”, and the next thing he knew Dean was on the floor. He did not see the plaintiff hit Dean, but saw Dean get up from the floor and strike the plaintiff with his fist. Then, the plaintiff spun around and fell against the cigarette machine, and then turned and sat on a stool at the bar. Then “Slim” moved toward Dean and the chair was thrown. He testified he placed the plaintiff on the floor to administer an ice pack.
After carefully reviewing the record, this Court finds that the evidence adequately supports the findings of fact as made by the district court. Although there are some minor conflicts in the details of the incident as related by the various witnesses called on behalf of the defendants, nevertheless, the composite picture shows, by their version, that plaintiff struck the first blow and provoked a fight. Dean retaliated spontaneously and struck the plaintiff with his fist, and plaintiff’s injuries were received from the direct blow by Dean’s fist or from his fall against the cigarette machine or to the floor. The testimony of five witnesses, including the plaintiff, indicates that the plaintiff was not struck by a stool or chair in the hands of Frank Dean, Jr. Under these facts, the force used by Dean in the defense of his person was not excessive.
The version of the incident accepted by the district court is directly conflicting with the version given by the plaintiff’s witnesses. This determination was a factual one. The district court had the opportunity to observe the witnesses as they testified, and was in a better position than this Court to determine the credibility of each witness. The minor variances in the evidence as to the position of the parties, whether or not Dean fell completely to the floor, and whether the witnesses saw any evidence on Dean’s face that he had been struck, were not of such importance as to-nullify their testimony. Such variances are to be expected when several witnesses testify to any incident, especially where there-is a lapse of time between the incident and the trial. It is also noted that there was. some variance in the testimony of the plaintiff’s witnesses.
Plaintiff argues that the medical testimony and X-rays showed that his injuries-were caused by a downward blow, such as-would be inflicted by a stool or chair, rather than a direct blow by a fist. However,, the ophthalmologist who testified indicated', that the injury could also have been caused' by a clenched fist. The injury could also-have been received when the plaintiff spun around in a crouched position and struck-the cigarette machine, and such an injury would appear to come from a downward', force.
Accordingly, we find no manifest error-in the findings of fact, and in the holding-of the district court. For the reasons assigned, the judgment of that court is affirmed, and all costs of appeal are assessed! against plaintiff.
Affirmed.